IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ROBBIE LYNN HARDIN § | |
| § | |
| V. § | A-13-CA-945-SS |
| § | |
| WILLIAM STEPHENS, Director, Texas § | |
| Dept. of Criminal Justice- § | |
| Correctional Institutions § | |
| Division § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Petitioner's Supplemental Brief (Document 7); Respondent's Answer (Document 8); and Petitioner's Objections (Document 11). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed in part and denied in part.

**I. STATEMENT OF THE CASE**

**A.    Petitioner's Criminal History**

According to Respondent, the Director has custody of Petitioner pursuant to a judgment and sentence of the 147th Judicial District Court of Travis County, Texas. Petitioner was charged by

indictment with the felony offense of burglary of a habitation with intent to commit aggravated assault. He pleaded guilty to the offense committed on August 31, 1990. Pursuant to a plea agreement, the trial court assessed punishment at twenty-two years' imprisonment on November 5, 1990. Petitioner does not challenge his holding conviction. Rather, Petitioner argues he was wrongfully denied "street time" sentence credits upon his return to TDCJ custody after his mandatory supervision was revoked. He contends the time he spent on mandatory supervision was added to his sentence as additional punishment. Petitioner argues his sentence expired on August 31, 2012, as ordered by the sentencing judge.

According to Respondent, Petitioner was admitted to custody on December 7, 1990, with a sentence begin date of August 31, 1990. Petitioner was released on mandatory supervision on June 16, 2003. He was subsequently convicted of theft and sentenced to eight months in a state jail on January 22, 2007. Petitioner discharged his eight-month sentence on June 27, 2007. On August 29, 2007, a pre-revocation warrant issued regarding Petitioner's mandatory supervision. The Board of Pardons and Paroles revoked Petitioner's mandatory supervision on March 27, 2008, and Petitioner was returned to TDCJ. At the time of his return, Petitioner forfeited four years, one month and twenty-three days of street-time credit because he had not met the mid-point date of January 24, 2008, required by Texas Government Code § 508.283(c).

On August 19, 2011, Petitioner was again released to mandatory supervision. On October 15, 2012, a pre-revocation warrant was issued for Petitioner's arrest. In the meantime, Petitioner committed another theft on February 2, 2013, and was sentenced to eight months in a state jail on February 20, 2013. Petitioner's mandatory supervision was revoked shortly thereafter on March 13,

2013.  At the time of his revocation, Petitioner forfeited one year, one month and eleven days of street-time credit because he had not met the mid-point date of March 22, 2014.

Petitioner filed time dispute resolution ("TDR") forms with the Classification and Records Department ("CRD") of TDCJ on June 9, 2008 and April 12, 2011.  The CRD responded on February 9, 2009 and July 11, 2011, respectively, "that there was no error in his current time calculations" and that "he was not eligible for 'street-time' due to not meeting the mid-point calculation date."

On February 11, 2010, Petitioner filed an application for state writ of habeas corpus,[1] asserting he was entitled to street-time credit for the time he had spent on mandatory supervision.  At the time he filed his first state application, the time periods in question were from June 16, 2003, through January 21, 2007, and from June 27, 2007, through August 29, 2007.  The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing on May 19, 2010.  Ex parte Hardin, Appl No. 73,758-01 at cover. Petitioner filed a second application for state writ of habeas corpus on May 8, 2013.  Petitioner noted he had exhausted his administrative remedies by filing a TDR form on July 2008.  He did not indicate he had also filed a TDR form on April 12, 2011.  Petitioner reargued his claims that he was entitled to street-time credits, which would have resulted in the discharge of Petitioner's sentence on August 31, 2012.  The Court of Criminal Appeals dismissed his second state writ for abuse of the writ on August 14, 2013.  Id. at -02.

---

[1]Petitions for state post-conviction relief are deemed filed at the time they are delivered to prison authorities, not the time they are stamped by the clerk of the court.  Richards v. Thaler, 710 F.3d 573 (5th Cir. 2013).

B.  **Grounds for Relief**

Petitioner argues he has been improperly denied street-time credit towards his sentence for the time he spent released on mandatory supervision and TDCJ-CID has improperly added time to his original sentence in violation of the prohibition against ex post facto laws.

C.  **Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application with regard to street-time credits from June 16, 2003, through January 21, 2007, and from June 27, 2007, through August 29, 2007. However, Respondent argues Petitioner's claims regarding street-time credit for August 19, 2011, through June 8, 2012, and October 11, 2012, through February 2, 2013, were not properly exhausted and are procedurally barred.

## II.  DISCUSSION AND ANALYSIS

A.  **Statute of Limitations**

Respondent argues Petitioner's claims challenging time credits from June 16, 2003, through January 21, 2007, and from June 27, 2007, through August 29, 2007, are time-barred. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Subsection 2244(d)(1)(D) governs the timeliness of claims predicated on parole decisions. Goodwin v. Dretke, 118 F. App'x 817, 818 (5th Cir. 2004). The limitations period begins on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." § 2244(d)(1)(D). Petitioner could have discovered the factual predicate of his claims on March 27, 2008, the date his parole was revoked.[2] This is the date on which Petitioner knew, or could have discovered through the exercise of due diligence, that his street time was forfeited.

Petitioner's TDR form statutorily tolled the limitations period. At the time Petitioner filed a TDR form on June 9, 2008, 74 days had lapsed from the one-year limitations period. The CDR responded on February 9, 2009. Although the TDR form was pending for 245 days, the limitations period was only tolled for 180 days or until December 6, 2008. See Stone v. Thaler, 614 F.3d 136, 138 (5th Cir. 2010) (finding the limitations period is statutorily tolled during pendency of a TDR for a maximum of 180 days). Therefore, Petitioner had until September 23, 2009, to timely file his

---

[2] Respondent mistakenly suggests the limitations period did not begin until Petitioner was notified of the results of his first TDR form on February 9, 2009.

federal application.[3] Petitioner did not execute his federal application until October 16, 2013, more than four years after the limitations period had expired. Petitioner's state application for habeas corpus relief, filed on February 11, 2010, did not operate to toll the limitations period, because it was filed after the limitations period had already expired. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (holding state applications filed after the expiration of the limitations period do not toll the limitations period).

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. Accordingly, Petitioner's claims challenging street-time credits from June 16, 2003, through January 21, 2007, and from June 27, 2007, through August 29, 2007, should be dismissed with prejudice as time-barred.

**B.    Failure to Exhaust**

In addition to challenging the failure to award him street-time credit from June 16, 2003, through January 21, 2007, and from June 27, 2007, through August 29, 2007, Petitioner challenges the failure to award him street-time credit from August 19, 2011, through June 8, 2012, and October 11, 2012, through February 2, 2013. However, Petitioner did not raise this challenge in his second state application for habeas corpus relief. Had he done so, the Texas Court of Criminal Appeals would have dismissed his claims because he had not filed a TDR form with regard to these

---

[3]Because Respondent used an incorrect date as the start of the limitations period, he miscalculates the day Petitioner's federal application was due.

particular time periods.[4] Petitioner's second TDR form was received by TDCJ on April 12, 2011, before the time-period in question started. Accordingly, Petitioner has not exhausted his state court remedies regarding these claims. Nevertheless, a court may deny an application for a writ of habeas corpus on the merits, notwithstanding the failure of the applicant to exhaust all available remedies. 28 U.S.C. § 2254(b)(2). As explained below, Petitioner's claims are without merit.

**C.    Street-Time Credits**

Petitioner argues he is entitled to credit for the time he spent on mandatory supervision, also known as "street time." The law in this Circuit firmly establishes that time spent on parole or mandatory supervision does not operate to reduce the sentence of a parole or mandatory supervision violator returned to prison. The courts have consistently held that by violating parole or mandatory supervision a prisoner forfeits all credit of good conduct time accumulated prior to release and all credit for time on parole or mandatory supervision before the violation. See Cortinas v. United States Parole Comm'n, 938 F.2d 43 (5th Cir. 1991); Munguia v. United States Parole Comm'n, 871 F.2d 517, 521 (5th Cir.), cert. denied, 493 U.S. 856 (1989); United States v. Newton, 698 F.2d 770, 772 (5th Cir. 1983); Starnes v. Cornett, 464 F.2d 524 (5th Cir.), cert. denied, 409 U.S. 987 (1972); Betts v. Beto, 424 F.2d 1299 (1970). Thus, Petitioner has no federal constitutional right to reduction of his sentence for time spent on parole or mandatory supervision. Additionally, the Court notes parole and mandatory supervision conditions are not additional to, but rather part of, the original

---

[4] A Texas prison inmate may not file an application for a writ of habeas corpus in state court in order to exhaust his state habeas corpus remedies regarding time credit disputes until he has complied with the requirements of Texas Government Code § 501.0081, requiring him to first file a time credit dispute resolution form with prison officials. The Texas Court of Criminal Appeals will dismiss any application for a writ of habeas corpus about time credit issues where an inmate failed to comply with the statute. Ex parte Shepherd, 65 S.W.2d 673, 674 (Tex. Crim. App. 2002); Ex parte Stokes, 15 S.W.3d 532 (Tex. Crim. App. 2000).

sentence. See Coronado v. United States Board of Parole, 540 F.2d 216, 218 (5th Cir. 1976); Sturgis v. United States, 419 F.2d 390 (5th Cir. 1969). Petitioner is not being forced to serve more than his twenty-two-year sentence. Petitioner violated the terms of his supervision, and as a result, lost any credit for the time he spent on mandatory supervision.

Petitioner is also not entitled to his street-time credit under Texas law. The Texas parole statute in effect at the time the controlling offense was committed (August 31, 1990) provides in relevant part:

> When a person's parole, mandatory supervision, or conditional pardon is revoked, that person may be required to serve the portion remaining of the sentence on which he was released, such portion remaining to be calculated without credit for the time from the date of his release to the date of revocation.

TEX. CODE CRIM. PROC. art. 42.18 § 14(a) (Vernon 1990) (currently TEX. GOV'T CODE ANN. § 508.283(b) (West 2012). Accordingly, Petitioner was never entitled to receive a reduction of his sentence for the time he spent on parole.

Finally, even under the Texas statute addressing street-time credit in effect at the time of Petitioner's revocation in 2013, Petitioner is not entitled to credit. That statute reads in pertinent part:

> (c) If the parole, mandatory supervision, or conditional pardon of a person other than a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. For a person who on the date of issuance of a warrant or summons initiating the revocation process is subject to a sentence the remaining portion of which is greater than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for the time from the date of the person's release to the date of revocation. For a person who on the date of issuance of the warrant or summons is subject to a sentence the remaining portion of which is less than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining

> portion is to be served without credit for an amount to time equal to the remaining portion of the sentence on the date of issuance of the warrant or citation.

TEX. GOV'T CODE ANN. § 508.283(c) (West 2012). Under this section, Petitioner would have been entitled to credit for street time if on the date his warrant issued, he was "subject to a sentence the remaining portion of which [was] less than the amount of time from the date of the person's release to the date of issuance of the warrant or summons." According to TDCJ, Petitioner's midpoint calculation date was March 22, 2014. Because the pre-revocation warrant for Petitioner's arrest was issued on February 2, 2013, Petitioner failed to make it to his midpoint calculation date. As a result, Petitioner is not entitled to receive street-time credit under Section 508.283.[5]

Petitioner mistakenly believes the time he served on mandatory supervision has been added to his maximum expiration date resulting in an extension of his sentence. He relies on § 508.148 of the Texas Government Code which provides:

> (a) The period of mandatory supervision is computed by subtracting from the term for which the inmate was sentenced the calendar time served on the sentence.
>
> (b) The time served on mandatory supervision is computed as calendar time.

Petitioner conveniently ignores the laws previously set forth which explain what happens if a person released on mandatory supervision has his supervision revoked.

Petitioner also relies on several state court opinions which have absolutely no relevance to his case. For instance, Petitioner appears to argue he has been found ineligible for mandatory supervision similar to the petitioner in Ex parte Mabry, 137 S.W.3d 58 (Tex. Crim. App. 2004),

---

[5] The Court notes Petitioner's time-barred claims are without merit for the same reason. Petitioner's previous midpoint calculation date was January 24, 2008. Because the pre-revocation warrant for Petitioner's arrest was issued on August 29, 2007, Petitioner failed to make it to his midpoint calculation date.

despite the fact Petitioner has been released on mandatory supervision in 2003 and 2011. The only reason Petitioner has not been awarded street-time credits is due to Petitioner's failure to abide by the conditions of his release for a period of time long enough to pass his midpoint calculation date before he has his mandatory supervision revoked. Mabry, on the other hand, had been denied credit for time he spent on parole because TDCJ wrongfully determined he was ineligible for street-time credit due to his conviction. Mabry's petition had nothing to do with passing the midpoint calculation date.

### III.  RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred to the extent he challenges the failure to award him street-time credits from June 16, 2003, through January 21, 2007, and from June 27, 2007, through August 29, 2007. It is further recommended that Petitioner's application for writ of habeas corpus be denied to the extent he challenges the failure to award him street-time credits from August 19, 2011, through June 8, 2012, and October 11, 2012, through February 2, 2013.

### IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained

the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id.  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed.  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

### V.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and

recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 24th day of March, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE