FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

2014 APR 16 PM 1:58

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ kcc
DEPUTY

ROBBIE LYNN HARDIN,
                **Petitioner,**

-vs-

WILLIAM STEPHENS,
                **Respondent.**

Case No.  A-13-CA-945-SS

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Petitioner Robbie Lynn Hardin's Petition for Writ of Habeas Corpus [#1], the Report and Recommendation of the United States Magistrate Judge [#13], and Petitioner Robbie Lynn Hardin's Objections [#16]. Having reviewed the documents, the relevant law, and the file as a whole, the Court now enters the following opinion and orders.

All matters in this case were referred to United States Magistrate Judge Andrew W. Austin for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Hardin is entitled to de novo review of the portions of the Magistrate Judge's report to which he filed specific objections. 28 U.S.C. § 636(b)(1). All other review is for plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Nevertheless, this Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendation.

**Background**

**A.**    **Hardin's Criminal History**

According to Respondent, the Director has custody of Hardin pursuant to a judgment and sentence of the 147th Judicial District Court of Travis County, Texas.  Hardin was charged by indictment with the felony offense of burglary of a habitation with intent to commit aggravated assault. He pleaded guilty to the offense charged on August 31, 1990.  Pursuant to a plea agreement, the trial court assessed punishment at twenty-two years imprisonment on November 5, 1990. Hardin does not challenge this conviction.  Instead, Hardin argues he was wrongfully denied "street time" sentence credits upon his return to the Texas Department of Criminal Justice's (TDCJ) custody after his mandatory supervision was revoked.  He contends the time he spent on mandatory supervision was added to his sentence as additional punishment. Hardin argues his sentence expired on August 31, 2012, as ordered by the sentencing judge.

According to Respondent, Hardin was admitted to custody on December 7, 1990, with his sentence to begin on August 31, 1990.  Hardin was released on mandatory supervision on June 16, 2003.  He was subsequently convicted of theft and sentenced to eight months in a state jail on January 22, 2007.  Hardin discharged his eight-month sentence on June 27, 2007.  On August 29, 2007, a pre-revocation warrant issued regarding Hardin's mandatory supervision.  The Board of Pardons and Parole (the Board) revoked Hardin's mandatory supervision on March 27, 2008, and he was returned to TDCJ.  At the time of his return, Hardin forfeited four years, one month, and twenty-three days of street-time credit because he had not met the mid-point date of January 24, 2008, as required by Texas Government Code Section 508.293(c).

On August 19, 2011, Hardin was again released to mandatory supervision, and on October 15, 2012, a pre-revocation warrant was issued for his arrest. In the meantime, Hardin committed another theft on February 2, 2013, and was sentenced to eight months in a state jail on February 20, 2013. Hardin's mandatory supervision was revoked shortly thereafter on March 13, 2013. At the time of his revocation, Hardin forfeited one year, one month, and eleven days of street-time credit because he had not met the mid-point date of March 22, 2014.

Hardin filed time dispute resolution (TDR) forms with the Classification and Records Department (CRD) of TDCJ on June 9, 2008, and April 12, 2011. The CRD responded on February 9, 2009, and July 11, 2011, respectively, stating "there was no error in his current time calculations," and "he was not eligible for 'street-time' due to not meeting the mid-point calculation date."

On February 11, 2010, Hardin filed an application for state writ of habeas corpus, arguing he was entitled to street-time credit for the time he had spent on mandatory supervision. At the time he filed his first state application, the time periods in question were from June 16, 2003, through January 21, 2007, and from June 27, 2007, through August 29, 2007. The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing on May 19, 2010. *Ex parte Hardin*, Appl. No. 73,758-01. Hardin filed a second application for state writ of habeas corpus on May 8, 2013. Hardin noted he had exhausted his administrative remedies by filing a TDR form in July 2008. He did not indicate he had also filed a TDR form on April 12, 2011. Hardin reargued his claims he was entitled to street-time credits, which would have resulted in the discharge of Hardin's sentence on August 31, 2012. The Court of Criminal Appeals dismissed the second state writ for abuse of the writ on August 14, 2013. *Ex parte Hardin*, Appl. No. 73,758-02.

**B.      Hardin's Grounds for Relief**

Hardin argues he has been improperly denied street-time credit toward his sentence for the time he spent released on mandatory supervision, and TDCJ-Criminal Institutions Division has improperly added time to his original sentence in violation of the prohibition against ex post facto laws.

**C.      Exhaustion of State Court Remedies**

Respondent does not contest Hardin has exhausted his state court remedies regarding the claims brought in this petition with regard to street-time credits from June 16, 2003, through January 21, 2007, and from June 27, 2007, through August 29, 2007. Respondent argues, however, Hardin's claims regarding street-time credits for August 19, 2011, through June 8, 2012, and October 11, 2012, through February 2, 2013, were not properly exhausted and are procedurally barred.

**Analysis**

**A.      Statute of Limitations**

To the extent Hardin challenges the failure to award him street-time credits from June 16, 2003, through January 21, 2007, and June 27, 2007, through August 29, 2007, those claims are time-barred. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year limitation period for state inmates seeking federal habeas corpus relief. 28 U.S.C. § 2244(d). More specifically, § 2244(d)(1) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

-4-

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The one-year limitation period may be tolled if the petitioner properly files a state application for habeas corpus relief. 28 U.S.C. § 2244(d)(2).

Subsection 2244(d)(1)(D) governs the timeliness of claims predicated on parole decisions. *Goodwin v. Dretke*, 118 F. App'x 817, 818 (5th Cir. 2004) (unpublished). Hardin could have discovered the factual predicate of his claims on March 27, 2008, the date his parole was revoked.[1] This is the date on which Hardin knew, or could have discovered through the exercise of due diligence, his street time was forfeited.

Hardin's TDR form statutorily tolled the limitations period. At the time Hardin filed a TDR form on June 9, 2008, seventy-four days lapsed from the one-year limitations period. The CDR responded on February 9, 2009. Although the TDR form was pending for 245 days, the limitations period was only tolled for 180 days, or until December 6, 2008. *See Stone v. Thaler*, 614 F.3d 136, 138 (5th Cir. 2010) (holding the limitations period is statutorily tolled during pendency of a TDR for a maximum of 180 days). Therefore, Hardin had until September 23, 2009, to timely file his federal petition. Hardin did not execute his federal petition until October 16, 2013, more than four years after the limitations period had expired. Hardin's state application for habeas corpus relief did

---

[1] Respondent mistakenly suggests the limitations period did not begin until Hardin was notified of the results of his first TDR form on February 9, 2009.

not toll the limitations period because it was filed after the limitations period had expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding state applications filed after the expiration of the limitations period do not toll the limitations period).

The record does not reflect any unconstitutional state action impeded Hardin from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Hardin has not shown he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. Accordingly, Hardin's claims challenging the failure to award him street-time credits from June 16, 2003, through January 21, 2007, and June 27, 2007, through August 29, 2007, must be DISMISSED WITH PREJUDICE as time-barred.

**B.      Failure to Exhaust**

To the extent Hardin challenges the failure to award him street-time credit from August 19, 2011, through June 8, 2012, and October 11, 2012, through February 2, 2013, he has failed to exhaust his administrative remedies. Hardin did not raise this challenge in his second state application for habeas corpus relief. Had he done so, the Texas Court of Criminal Appeals would have dismissed his claims because he had not filed a TDR form with regard to these particular time periods.[2] Hardin's second TDR form was received by TDCJ on April 12, 2011, before the time period in question started. Accordingly, Hardin has not exhausted his state court remedies regarding these claims. Nevertheless, a court may deny a petition for a writ of habeas corpus on the merits,

---

[2]A Texas prison inmate may not file an application for a writ of habeas corpus in state court in order to exhaust his state habeas remedies regarding time credit disputes until he has complied with the requirements of Texas Government Code Section 501.0081, requiring him to first file a TDR form with prison officials. The Texas Court of Criminal Appeals will dismiss any application for a writ of habeas corpus about time credit issues where an inmate failed to comply with the statute. *Ex parte Shepherd*, 65 S.W.2d 673, 674 (Tex. Crim. App. 2002); *Ex parte Stokes*, 15 S.W.3d 532, 532–33 (Tex. Crim. App. 2000).

notwithstanding the failure of the petitioner to exhaust all available remedies.   28 U.S.C. § 2254(b)(2).   As explained below, Hardin's claims are without merit.

## C.     Street-Time Credits

Hardin argues he is entitled to credit for the time he spent on mandatory supervision, also known as "street time."  The law in this Circuit firmly establishes time spent on parole or mandatory supervision does not operate to reduce the sentence of an individual who violates parole or mandatory supervision and is returned to prison.  The courts have consistently held that by violating parole or mandatory supervision, a prisoner forfeits all credit of good conduct time accumulated prior to release and all credit for time on parole or mandatory supervision before the violation.  *See Cortinas v. U.S. Parole Comm'n*, 938 F.2d 43, 45 (5th Cir. 1991); *Munguia v. U.S. Parole Comm'n*, 871 F.2d 517, 521 (5th Cir. 1989); *United States v. Newton*, 698 F.2d 770, 772 (5th Cir. 1983); *Starnes v. Cornett*, 464 F.2d 524, 524 (5th Cir. 1972); *Betts v. Beto*, 424 F.2d 1299, 1299 (5th Cir. 1970).  Thus, Hardin has no federal constitutional right to reduction of his sentence for time spent on parole or mandatory supervision.  Additionally, the Court notes parole and mandatory supervision conditions are not additional to, but rather are a part of, the original sentence.  *See Coronado v. U.S. Bd. of Parole*, 540 F.2d 216, 218 (5th Cir. 1976); *Sturgis v. United States*, 419 F.2d 390, 390 (5th Cir. 1969).  Hardin is not being forced to serve more than his twenty-two year sentence.  Hardin violated the terms of his supervision, and as a result, lost any credit for the time he spent on mandatory supervision.

Hardin is also not entitled to his street-time credit under Texas law.  The Texas parole statute in effect at the time the controlling offense was committed—August, 31, 1990—provides in relevant part:

> When a person's parole, mandatory supervision, or conditional pardon is revoked, that person may be required to serve the portion remaining of the sentence on which he was released, such portion remaining to be calculated without credit for the time from the date of his release to the date of revocation.

TEX. CODE CRIM. PROC. art. 42.18 § 14(a) (1990) (currently TEX. GOV'T CODE § 508.283(b) (2012)).

Accordingly, Hardin was never entitled to receive a reduction of his sentence for the time he spent on parole.

Finally, even under the Texas statute addressing street-time credit in effect at the time of Hardin's revocation in 2013, he is not entitled to credit. That statute reads in relevant part:

> If the parole, mandatory supervision, or conditional pardon of a person other than a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. For a person who on the date of issuance of a warrant or summon initiating the revocation process is subject to a sentence the remaining portion of which is greater than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for the time from the date of the person's release to the date of revocation. For a person who on the date of issuance of the warrant or summons is subject to a sentence the remaining portion of which is less than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for an amount of time equal to the remaining portion of the sentence on the date of issuance of the warrant or citation.

TEX. GOV'T CODE § 508.283(c) (2012).

Under this section, Hardin would have been entitled to credit for street time if, on the date his warrant issued, he was "subject to a sentence the remaining portion of which [was] less than the amount of time from date of the person's release to the date of issuance of the warrant or summons." According to TDCJ, Hardin's midpoint calculation date was March 22, 2014. Because the pre-revocation warrant for Hardin's arrest was issued on February 2, 2013, Hardin failed to make it to

his midpoint calculation date. As a result, Hardin is not entitled to receive street-time credit under Section 508.283.[3]

Hardin mistakenly believes the time he served on mandatory supervision has been added to his maximum expiration date resulting in an extension of his sentence. He relies on section 508.148 of the Texas Government Code, which provides:

> (a)    The period of mandatory supervision is computed by subtracting from the term for which the inmate was sentenced the calendar time served on the sentence.
>
> (b)    The time served on mandatory supervision is computed as calendar time.

Tex. Gov't Code § 508.148.

Hardin conveniently ignores the laws previously set forth which explain what happens if a person released on mandatory supervision has his supervision revoked.

Hardin also relies on several state court opinions which have absolutely no relevance to his case. For instance, Hardin appears to argue he has been found ineligible for mandatory supervision similar to the applicant for writ of habeas corpus in *Ex parte Mabry*, 137 S.W.3d 58 (Tex. Crim. App. 2004), despite the fact Hardin has been released on mandatory supervision in 2003 and 2011. The only reason Hardin has not been awarded street-time credits is due to Hardin's failure to abide by the conditions of his release for a period long enough to pass his midpoint calculation date before he had his mandatory supervision revoked. Mabry, on the other hand, had been denied credit for time spent on parole because TDCJ wrongfully determined he was ineligible for street-time credit

---

[3]The Court notes Hardin's time-barred claims are without merit for the same reason. Hardin's previous midpoint calculation date was January 24, 2008. Because the pre-revocation warrant for Hardin's arrest was issued on August 29, 2007, Hardin failed to make it to his midpoint calculation date.

-9-

due to his conviction.  *Id.* at 58–60.  Mabry's application had nothing to do with passing the midpoint calculation date.

In his Objections, Hardin re-urges the same arguments rejected above.  The Court notes Hardin fails to overcome the applicability of the statute of limitations, and he does not address whatsoever his failure to exhaust administrative remedies.  With respect to the statute of limitations, Hardin simply contends it should not apply because his sentence is an "illegal sentence."  Objections [#16], at 5.  Notwithstanding Hardin's mistaken belief his sentence has been extended by approximately five years, he cannot avoid the applicability of the statute of limitations or explain why equitable tolling should apply in his case.

## Conclusion

Hardin's Petition for Writ of Habeas Corpus [#1], to the extent it is premised on challenging the failure to award him street-time credits from June 16, 2003, through January 21, 2007, and June 27, 2007, through August 29, 2007, must be DISMISSED WITH PREJUDICE as time-barred by AEDPA.  In addition, his petition, to the extent it is premised on challenging the failure to award him street-time credits from August 19, 2011, through June 8, 2012, and October 11, 2012, through February 2, 2013, is DENIED.

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2254 "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

-10-

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejects a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal of Hardin's § 2254 petition on substantive or procedural grounds, nor find the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484)). Thus, a certificate of appealability shall not issue.

Accordingly,

IT IS ORDERED that Petitioner Robbie Lynn Hardin's Objections [#16] are OVERRULED;

IT IS FURTHER ORDERED that the Report and Recommendation of the United States Magistrate Judge [#13] is ACCEPTED;

-11-

IT IS FURTHER ORDERED that Petitioner Robbie Lynn Hardin's Petition for Writ of Habeas Corpus [#1] is DISMISSED IN PART WITH PREJUDICE as time-barred and DENIED IN PART on the merits;

IT IS FINALLY ORDERED that a certificate of appealability is DENIED.

SIGNED this the _16_ day of April 2014.


SAM SPARKS
UNITED STATES DISTRICT JUDGE